# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF PUYALLUP, | ) | No. 74161-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM E. SPENSER, SR., | ) | UNPUBLISHED |
| | ) | |
| Respondent. | ) | FILED: January 19, 2016 |
| | ) | |

COX, J. – "It is well settled that any party may, in opening statement, refer to admissible evidence expected to be presented at trial."[1] Here, during opening statement in a driving under the influence (DUI) trial, the City of Puyallup stated the result of a breath alcohol test it planned to introduce into evidence. William Spenser moved for a mistrial, arguing that mentioning the test results before they had been admitted into evidence was unduly prejudicial. The trial court denied the motion. Because the trial court did not abuse its discretion by denying Spenser's motion for a mistrial, we reverse the decision of the superior court on RALJ review and reinstate Spenser's conviction.

The City charged Spenser with DUI in Puyallup Municipal Court. The matter was tried there.

---

[1] State v. Whelchel, 115 Wn.2d 708, 727, 801 P.2d 948 (1990) (emphasis omitted).

During opening statement at trial, the prosecutor informed the jury that a breath test showed that Spenser's blood alcohol was .112 or .113. Spenser objected and moved for a mistrial, arguing that it was prejudicial to mention the results of the breath test before establishing they would be admissible. The court denied the motion because it had instructed the jury that counsel's statements were not evidence. The court also noted that if the test results were ultimately not admitted into evidence, the defense could raise the motion again.

During trial, the court admitted the results of Spenser's breath test. The results showed blood alcohol levels of .112 or .113, as the prosecutor had described during opening statement.

The jury convicted Spenser.

Spenser obtained RALJ review in Pierce County Superior Court. The superior court reversed his conviction, determining that the trial court had abused its discretion by denying his motion for a mistrial. The court determined that mentioning the results of the breath test was so prejudicial that it could not be cured by an instruction, regardless of whether the test results were subsequently admitted into evidence.

Division Two of this court granted discretionary review and transferred the case to this division of the court.

We review for abuse of discretion a trial court's denial of a mistrial motion.[2] The "court should grant a mistrial only when the defendant has been so

---

[2] State v. Emery, 174 Wn.2d 741, 765, 278 P.3d 653 (2012).

prejudiced that nothing short of a new trial can ensure that the defendant will be fairly tried."[3]

"It is well settled that any party may, in opening statement, refer to admissible evidence expected to be presented at trial."[4] The only requirement is that counsel have a good faith belief that the evidence will be produced at trial.[5]

Here, there is no argument that the prosecutor lacked a good faith belief that the results of Spenser's breath test would be produced at trial. The fact that the court admitted this evidence, also demonstrates the prosecutor's good faith.

Thus, the City properly used its opening statement to inform the jury of evidence which it expected to offer at trial. This conforms to well-settled law. Accordingly, the trial court did not abuse its discretion by denying Spenser's motion for a mistrial.

Additionally, because the breath test results were ultimately admitted at trial, mentioning the results during opening statement did not prejudice Spenser.

Spenser argues that mentioning the results was prejudicial because it could cause the jury to wonder, "'why they are necessary in this case.'"[6] Essentially, this is an argument that the test results were too probative of Spenser's guilt. Spenser fails to identify how mentioning the test results would

---

[3] Id.

[4] Whelchel, 115 Wn.2d at 727 (emphasis omitted).

[5] State v. Grisby, 97 Wn.2d 493, 499, 647 P.2d 6 (1982).

[6] Spenser's Response Brief at 4.

create unfair prejudice in this case, in light of the fact that the results were admitted into evidence.

We reverse the superior court's order for a new trial, affirm Spenser's conviction, and direct reinstatement of the judgment on the jury verdict.

_Cox, J._

WE CONCUR:

_Trickey, J_

_Spearman, C.J._